UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSON,    Case No. 1:25-cv-00283

    Plaintiff,    Hon. Jane M. Beckering
                                                                        U.S. District Judge

v.

UNKNOWN HOPE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Jeffery Jackson filed this complaint alleging that the Grand Rapids Police Department refused to provide him with free copies of records. (ECF No. 1.) Jackson says that he is the Emperor of the Moorish Empire and is making a special appearance under the Supreme Law of the Land, including the U.S. Constitution and the Treaty of Peace and Friendship (1836). (*Id.*, PageID.1.)

Jackson says that Defendant Officers Hope, Dionne, and Nevins of the Grand Rapids Police Department refused his request for a fee waiver to obtain two police reports. (*Id.*, PageID.1-2.) Jackson fails to explain why he is entitled to a fee waiver other than to assert that he is indigent. Jackson fails to set forth any policy of the Grand Rapids Police Department that shows that he is entitled to a fee waiver. Jackson asserts only that he has a Constitutional right and treaty rights that entitle him to a fee waiver.

1

Jackson has repeatedly filed frivolous lawsuits in this Court. As a result, on March 26, 2025, this Court issued an order requiring Jackson to prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to practice in the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought in bad faith. *Jackson v. U.S. Government*, W.D. Mich. Case No. 1:25-cv-196 (ECF No. 8, PageID.28).

This lawsuit is also frivolous, malicious, and brought in bad faith. However, because Jackson filed this lawsuit before the Court imposed the above restriction, it is recommended that the Court grant Jackson's motion to proceed *in forma pauperis* (ECF No. 2), and then screen this case, and dismiss it as frivolous and malicious and for failing to state a claim.

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to

2

relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Jackson has failed to set forth facts that could show that he is entitled to relief. Jackson has been granted the privilege of filing his complaint in federal court *in forma pauperis*. 28 U.S.C. § 1915. When a federal court grants a plaintiff the privilege of proceeding *in forma pauperis*, the plaintiff may file a complaint without the prepayment of a filing fee. The privilege extends to the filing fee, and the Court will provide some assistance regarding service but only for a lawsuit filed in federal court. Jackson cannot assert that the privilege extends to costs imposed by state municipalities such as copies fees required by the Grand Rapids Police Department to obtain records. Moreover, it is well-settled that litigants generally bear their own litigation expenses. *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("there is no constitutional or statutory requirement that the government or Defendant pay for

an indigent prisoner's [litigation] efforts"); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Kirk v. Simpson*, No. 93-5668, 1994 WL 443461, at *2 (6th Cir. Aug. 15, 1994). Here, Jackson has failed to show a violation of a Constitutional right.

### III. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and malicious, and fails to state a claim upon which relief may be granted.

Dated:  March 28, 2025                                  /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).